















KAJ   1/12/06   14:31
3:06-CV-00060   MANZO ESTATE OF V. COUNTY OF SAN DIEGO
*1*
*CMP.*

40023

1   EUGENE G. IREDALE, ESQ. (SBN: 75292)
    LAW OFFICES OF EUGENE G. IREDALE
2   105 West "F" Street, 4th Floor
    San Diego, California  92101-6036
3   TEL: (619) 233-1525  FAX: (619) 233-3221

4       Attorneys for plaintiff MARIA MALDINADO

5   DOUGLAS S. GILLILAND, ESQ. (SBN: 157427)
    LAW OFFICES OF DOUGLAS S. GILLILAND
6   105 West "F" Street, 4th Floor
    San Diego, California  92101-6036
7   TEL: (619) 233-7102  FAX: (619) 233-3221

8       Attorneys for plaintiff ESTATE OF JESUS MANZO

9   DANIEL L. HITZKE, ESQ. (SBN: 220872)
    AINBINDER & HITZKE
10  2525 Cherry Avenue, Ste. 210
    Signal Hill, California 90755
11  TEL: (562) 437-2807  FAX: (619) 595-9983

12      Attorneys for plaintiff ANAHI MANZO

13
                    UNITED STATES DISTRICT COURT
14
            IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
15
    ESTATE OF JESUS MANZO, by its        )   CASE **06CV 0060**   · R WMc
16  personal representative Maria        )
    Nancy Manzo, MARIA MALDINADO, an     )   **COMPLAINT FOR:**
17  individual, ANAHI MANZO, an          )
    individual and minor, by and         )   **(1)  Right of Association**
18  through her guardian ad litem,       )        **42 U.S.C. 1983**
    Perla Ruiz,                          )
19                                       )  · **(2)  Wrongful Death**
                    Plaintiffs,          )        **42 U.S.C. 1983**
20                                       )
            v.                           )   **(3)  Excessive Force**
21                                       )        **42 U.S.C. 1983**
    COUNTY OF SAN DIEGO, a municipal     )
22  corporation, Captain ROB AHERN,      )   **(4)  Wrongful Death**
    an individual, Deputy LEWIS          )        **CCP 377.60**
23  SCHOTT, an individual, and DOES      )
    1-100 inclusive,                     )   **(5)  Failure to Train,**
24                                       )        **Supervise and Discipline**
                    Defendants.          )        **42 U.S.C. 1983**
25                                       )
                                         )   **(6)  Battery**
26                                       )
                                         )   **(7)  Intentional Infliction**
27                                       )        **of Emotional Distress**
                                         )
28                                       )   **(8)  Negligence**
                                         )
                                             DEMAND FOR JURY TRIAL

                                1

COMPLAINT

1    COME NOW, the ESTATE OF JESUS MANZO, through its personal
2  representative Maria Nancy Manzo, by their attorneys of record, Law
3  Offices of Douglas S. Gilliland, by Douglas S. Gilliland, Esq.,
4  MARIA MALINDO, an individual, by her attorneys of record, Law
5  Offices of Eugene G. Iredale, by Eugene G. Iredale, Esq. and ANAHI
6  MANZO, an individual and minor, through her legal guardian Perla
7  Ruiz, by her attorneys of record, Ainbinder & Hitzke, by Daniel L.
8  Hitzke, Esq. and allege and complain as follows:

9                                **I.**

10                        **GENERAL ALLEGATIONS**

11    1.    Jurisdiction is founded upon the existence of a Federal
12  Question.

13    2.    This is an action to redress the deprivation under color
14  of statute, ordinance, regulation, custom or usage of  rights,
15  privileges, and immunities secured to the plaintiff by the First,
16  Fourth, Fifth and Fourteenth Amendments to the Constitution of the
17  United States (42 U.S.C. § 1983) and arising under the law and
18  statutes of the State of California.

19    3.    Jurisdiction is founded upon 28 U.S.C. §1331 AND §1343(3)
20  and (4), this being an action authorized by law to redress the
21  deprivation under color of law, statute, ordinance, regulation,
22  custom and usage of  rights, privileges, and immunities secured to
23  a plaintiff by the First, Fourth and Fourteenth Amendments to the
24  Constitution of the United States.

25    4.    This Court has supplemental jurisdiction over the pendent
26  state law claims under 28 U.S.C. § 1367(a).

27

28

**COMPLAINT**

1    5.    Venue is proper in the Southern District of California
2    because the acts or omissions which form the basis of the
3    Plaintiff's claims occurred in San Diego, California.

4    6.    The matter in controversy exceeds, exclusive of interest
5    and costs, the jurisdictional minimum of this court of ONE HUNDRED
6    FIFTY THOUSAND ($150,000.00) DOLLARS.

7    7.    Plaintiff has complied with Government Code §§ 800 *et*
8    *seq.*  Plaintiffs' timely claims have been rejected within six (6)
9    months of the filing of this lawsuit.

10    8.    At all times relevant to this complaint, Jesus Manzo was
11    an individual residing in San Diego County, California and his
12    death as set forth in this complaint resulted in the creation of
13    the ESTATE OF JESUS MANZO which brings this suit by its personal
14    representative Maria Nancy Manzo, the sister of Jesus Manzo.

15    9.    At all times relevant to this complaint, Plaintiff MARIA
16    MALDINADO was an individual residing in San Diego County,
17    California.   MARIA MALDINADO is the mother of Jesus Manzo.

18    10.    At all times relevant hereto, Plaintiff ANAHI MANZO was
19    an individual residing in San Diego County, California and is the
20    daughter of the decedent Jesus Manzo.   Her case is being brought by
21    and through her legal guardian (mother) Perla Ruiz.

22    11.    Plaintiff is truly ignorant of the true names and
23    capacities of DOES 1 through 100, inclusive, and/or is truly
24    ignorant of the facts giving rise to their liability and will amend
25    this complaint once their identities have been ascertained as well
26    as the facts giving rise to their liability.

27    12.    These DOE defendants were agents, servants and employees .
28    of each other of the other named defendants and were acting at all

3

1 times within the full course and scope of their agency and
2 employment, with the full knowledge and consent, either expressed
3 or implied, of their principal and/or employer and each of the
4 other named defendants and each of the defendants had approved or
5 ratified the actions of the other defendants thereby making the
6 currently named defendants herein liable for the acts and/or
7 omissions of their agents, servants and/or employees.

8     13.  At all times relevant to this complaint, Defendant COUNTY
9 OF SAN DIEGO was a municipal corporation operating in San Diego
10 County, California.

11     14.  At some times relevant to this complaint, Defendant
12 Deputy LEWIS SCHOTT and DOES 1-50, were San Diego Sheriff Deputies
13 and agents of the COUNTY OF SAN DIEGO.  At some times relevant
14 hereto, these defendants were acting in their professional capacity
15 as a sheriff employees and at other times they were working in
16 their personal capacity as individuals outside the scope of their
17 employment.

18     15.  At all times relevant to this complaint, Captain ROB
19 AHERN was a sheriff deputy in charge of the Vista patrol and was
20 responsible for the training, policy, procedures and actions of the
21 deputies in Vista.

22                              **II.**

23                             **FACTS**

24     Plaintiffs reallege all prior paragraphs of this complaint and
25 incorporate the same herein by this reference as if those
26 paragraphs were set forth in full herein.

27

28

16. On May 15, 2005, San Diego County Sheriff Deputy John Spach shot and killed Roman Torres, a 24 year old Latino male, in Vista, California.

17. On July 28, 2005, San Diego County Sheriff Deputies John Spach and Shawn Aitken shot and killed Sergio Garcia-Vasquez, a 32 year old Latino male, at his home in Vista, California.

18. On July 29, 2005, San Diego County Sheriff Deputy Mark Ritchie shot Jorge Ramirez eight times, killing the 26 year old Latino male, in Vista, California.

19. On August 1, 2005, San Diego County Sheriff Deputy Defendant LEWIS SCHOTT shot and killed Jesus Manzo, a 23 year old Latino male, at his home in Vista, California. Deputy SHOTT shot Manzo once in the chest at close range.

20. Immediately before he was killed, Jesus Manzo was working on a car in his front yard with two friends. San Diego Sheriff Deputies arrived suddenly by patrol car, with a helicopter and K-9 Unit. They had come to Manzo's house to see if he was named in a gang injunction. He was not.

21. Jesus ran to a fence where he was followed by Deputy SCHOTT. Deputy SCHOTT and his dog (hereafter called a "K-9 Unit") cornered Jesus Manzo at a fenced yard. While SCHOTT was not in fear of his life, the life of others, bodily injury, bodily injury of others or damage to property, he shot Manzo in the chest killing him.

# III.

## FIRST CAUSE OF ACTION

### Right of Association - 42 U.S.C. 1983

[By Plaintiffs ANAHI MANZO and MARIA MALDINADO

against all defendants]

Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

22. Defendants and DOES 1-100, inclusive, acting under color of state law, deprived Jesus Manzo of his rights under the United States Constitution to be free from the use of excessive force by law enforcement, punishment without due process and unlawful stop, search and seizure without reasonable suspicion and probable cause. By these acts, the defendants violated Jesus Manzo's constitutional rights to be free from excessive force, punishment without due process of law, cruel and unusual punishment, and all rights guaranteed under the Fourth and Fourteenth Amendments. The improper and unjustified use of deadly force used was unreasonable and excessive and performed with a deliberate indifference to the safety and welfare of Jesus Manzo. The shooting of a cornered man posing no risk of harm to person or property is objectively unreasonable and the actions of SCHOTT in that regard were such that no reasonable officer would have considered the use of force to be justified thereby violating Manzo's Fourth Amendment guarantee to be free from unreasonable seizures thereby causing the above pled deprivation of substantive due process.

23. The deprivation of the rights alleged above has destroyed the Constitutional rights of his daughter ANAHI MANZO and his

mother MARIA MALDINADO to the familial love, society and companionship of their father and son Jesus Manzo which is protected by the substantive due process clause of the Fourteenth Amendment.

24. The conduct alleged herein violated Jesus Manzo's rights alleged above thereby resulting in a deprivation of plaintiffs' rights alleged above which has legally, proximately, foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

25. The COUNTY OF SAN DIEGO and Defendant AHERN, also maintained a custom, policy or practice, within the meaning of Monell, of using excessive force against Latino males in an effort to intimidate Latino males that might be on the gang injunction in Vista. The COUNTY OF SAN DIEGO also maintained an unconstitutional force policy regarding the use of alternative force. The COUNTY OF SAN DIEGO knew it should arm and train its officers in the use of alternative uses of force such as the taser or stun-gun. The COUNTY OF SAN DIEGO knew for over a year that it could save lives by training its deputies in the use of alternative force and changing its policy regarding us of force so that an alternative to deadly force was available to the deputies. This unconstitutional policy and refusal to train and employ tasers was a direct cause of the death of Jesus Manzo in this case. The policy is evidenced by the deaths of other Latino males in such close proximity to the Manzo shooting.

26. The conduct alleged herein also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294;

7

justifying the award of exemplary damages against these defendants
in an amount according to proof at the time of trial in order to
deter the defendants from engaging in similar conduct and to make
an example by way of monetary punishment.  Plaintiffs are also
entitled to attorney fees and costs of suit herein pursuant Title
42, section 1983, et seq. of the United States Code.

## IV.

### SECOND CAUSE OF ACTION

**Wrongful Death - 42 U.S.C. §§ 1983, 1988**

[By Plaintiffs ANAHI MANZO and MARIA MALDINADO

against all defendants]

Plaintiffs reallege all prior paragraphs of this complaint and
incorporate the same herein by this reference as if those
paragraphs were set forth in full herein.

27.  Defendants and DOES 1-100, inclusive, acting under color
of state law, committed wrongful acts which proximately caused the
death of Jesus Manzo.  Specifically, the defendants and DOES 1-100,
inclusive, deprived Jesus Manzo of his rights under the United
States Constitution to be free from the use of excessive force by
law enforcement, punishment without due process and unlawful stop,
search and seizure without reasonable suspicion, probable cause and
due process.  These acts resulted in the death of Jesus Manzo.  By
these acts, the defendants violated Jesus Manzo's constitutional
rights to be free from excessive force, punishment without due
process of law, cruel and unusual punishment, and all rights
guaranteed under the Fourth and Fourteenth Amendments.  The
officers used excessive force as alleged above against Jesus Manzo,
with a purpose to cause harm that is unrelated to the legitimate

8

1 use of force. The force was used to make Jesus Manzo suffer and to
2 punish him. The force used was unreasonable and performed with a
3 deliberate indifference to the safety and welfare of Jesus Manzo.
4 The shooting of a cornered man posing no risk of harm to person or
5 property is objectively unreasonable and the actions of SCHOTT in
6 that regard were such that no reasonable officer would have
7 considered the use of force to be justified thereby violating
8 Manzo's Fourth Amendment guarantee to be free from unreasonable
9 seizures.

10     28.   The deprivation of the rights alleged above has destroyed
11 the Constitutional rights of ANAHI MANZO and MARIA MALDINADO to the
12 familial love, society and companionship of their father and son
13 Jesus Manzo protected by the substantive due process clause of the
14 Fourteenth Amendment.

15     29.   The COUNTY OF SAN DIEGO and Defendant AHERN also
16 maintained a custom, policy or practice, within the meaning of
17 Monell, of using excessive force against Latino males in an effort
18 to intimidate Latino males that might be on the gang injunction in
19 Vista.   The COUNTY OF SAN DIEGO also maintained an unconstitutional
20 force policy regarding the use of alternative force.   The COUNTY OF
21 SAN DIEGO knew it should arm and train its officers in the use of
22 alternative uses of force such as the taser or stun-gun.   The
23 COUNTY OF SAN DIEGO knew for over a year that it could save lives
24 by training its deputies in the use of alternative force and
25 changing its policy regarding us of force so that an alternative to
26 deadly force was available to the deputies.   This unconstitutional
27 policy and refusal to train and employ tasers was a direct cause of
28 the death of Jesus Manzo in this case.   The policy is evidenced by

9

the deaths of other Latino males in such close proximity to the Manzo shooting.

30. The conduct alleged herein violated Jesus Manzo's rights alleged above thereby resulting in a deprivation of plaintiffs' rights alleged above which has legally, proximately, foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

31. The conduct alleged herein also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294; justifying the award of exemplary damages against these defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs are also entitled to attorney fees and costs of suit herein pursuant to statute.

## V.

### THIRD CAUSE OF ACTION

#### Excessive Force - 42 U.S.C. 1983

[By Plaintiff ESTATE OF JESUS MANZO against all defendants]

Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

32. Defendants and DOES 1-100, inclusive, acting under color of state law, committed wrongful acts which proximately caused the death of Jesus Manzo. Specifically, the defendants and DOES 1-100, inclusive, deprived Jesus Manzo of his rights under the United States Constitution to be free from the use of excessive force by

10

law enforcement, punishment without due process and unlawful stop, search and seizure without reasonable suspicion, probable cause and due process. These acts resulted in the death of Jesus Manzo. By these acts, the defendants violated Jesus Manzo's constitutional rights to be free from excessive force, punishment without due process of law, cruel and unusual punishment, and all rights guaranteed under the Fourth and Fourteenth Amendments. The officers used excessive force as alleged above against Jesus Manzo, with a purpose to cause harm that is unrelated to the legitimate use of force. The force was used to make Jesus Manzo suffer and to punish him. The force used was unreasonable and performed with a deliberate indifference to the safety and welfare of Jesus Manzo. The shooting of a cornered man posing no risk of harm to person or property is objectively unreasonable and the actions of SCHOTT in that regard were such that no reasonable officer would have considered the use of force to be justified thereby violating Manzo's Fourth Amendment guarantee to be free from unreasonable seizures.

33. The COUNTY OF SAN DIEGO and Defendant AHERN also maintained a custom, policy or practice, within the meaning of Monell, of using excessive force against Latino males in an effort to intimidate Latino males that might be on the gang injunction in Vista. The COUNTY OF SAN DIEGO also maintained an unconstitutional force policy regarding the use of alternative force. The COUNTY OF SAN DIEGO knew it should arm and train its officers in the use of alternative uses of force such as the taser or stun-gun. The COUNTY OF SAN DIEGO knew for over a year that it could save lives by training its deputies in the use of alternative force and

changing its policy regarding us of force so that an alternative to deadly force was available to the deputies. This unconstitutional policy and refusal to train and employ tasers was a direct cause of the death of Jesus Manzo in this case. The policy is evidenced by the deaths of other Latino males in such close proximity to the Manzo shooting.

34. The conduct alleged herein violated Jesus Manzo's rights alleged above thereby resulting in a deprivation of plaintiffs' rights alleged above which has legally, proximately, foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

35. The conduct alleged herein also amounts to oppression, fraud or malice within the meaning of Civil Code Section 3294; justifying the award of exemplary damages against these defendants in an amount according to proof at the time of trial in order to deter the defendants from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs are also entitled to attorney fees and costs of suit herein pursuant to statute.

## VI.

### FOURTH CAUSE OF ACTION

### Wrongful Death - CCP 377.60, et seq.

[By Plaintiffs ANAHI MANZO and MARIA MALDINADO against all defendants]

Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

1    36.    Defendants and DOES 1-100, inclusive, committed wrongful
2    acts which proximately caused the death of Jesus Manzo.
3    Specifically, the defendants and DOES 1-100, inclusive, deprived
4    Jesus Manzo of his rights under the United States Constitution to
5    be free from the use of excessive force by law enforcement,
6    punishment without due process and unlawful stop, search and
7    seizure without reasonable suspicion, probable cause and due
8    process.    These acts resulted in the death of Jesus Manzo.    By
9    these acts, the defendants violated Jesus Manzo's constitutional
10    rights to be free from excessive force, punishment without due
11    process of law, cruel and unusual punishment, and all rights
12    guaranteed under the Fourth and Fourteenth Amendments.    The
13    officers used excessive force as alleged above against Jesus Manzo,
14    with a purpose to cause harm that is unrelated to the legitimate
15    use of force.    The force was used to make Jesus Manzo suffer and to
16    punish him.    The force used was unreasonable and performed with a
17    deliberate indifference to the safety and welfare of Jesus Manzo.
18    37.    The wrongful acts alleged above has destroyed the
19    relationship between ANAHI MANZO, MARIA MALDONADO and Jesus Manzo
20    and has legally, proximately, foreseeably and actually caused
21    severe emotional damages, including the loss of society,
22    companionship, emotional distress, and further economic and non-
23    economic damages according to proof at the time of trial.
24
25
26
27
28

13

COMPLAINT

## SIXTH CAUSE OF ACTION

### Failure to Properly Train, Supervise and Disciplie

### 42 U.S.C. § 1983

[By Plaintiffs ESTATE OF JESUS MANZO, ANAHI MANZO and MARIA MALDINADO

against the COUNTY OF SAN DIEGO and AHERN]

Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

38.   The COUNTY OF SAN DIEGO and Defendant AHERN, as a matter of custom, practice and policy, failed to maintain adequate and proper training for police officers in the department necessary to educate the officers as to the constitutional rights of arrestees; to prevent the consistent and systematic use of excessive force by arresting officers; and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

39.   The COUNTY OF SAN DIEGO failed to provide adequate training and supervision to police officers that hold the power, authority, insignia, equipment and arms entrusted to them. Defendants failed to promulgate and enforce adequate policies and procedures related to alternatives to the use of deadly force, including the taser or stun-gun.

40.   Said custom, practice and policy included a failure to adequately investigate, supervise and discipline offending officers which fostered the custom, practice and policy within the San Diego Sheriff's Department which resulted in the above-pled injuries to plaintiffs.

14

1    41.   Therefore, these defendants, with deliberate
2    indifference, disregarded a duty to protect the public from
3    official misconduct.

4    42.   The failure to promulgate or maintain constitutionally
5    adequate policies regarding training, investigation, supervision
6    and discipline was done with deliberate indifference to the rights
7    of plaintiff and others in their position.

8    43.   The constitutionally infirm lack of adequate training as
9    to the officers in this case caused plaintiffs' damages.

## VIII.

## FIFTH CAUSE OF ACTION

### Battery

[By Plaintiffs the ESTATE OF JESUS MANZO against all defendants]

14   Plaintiffs reallege all prior paragraphs of this complaint and
15   incorporate the same herein by this reference as if those
16   paragraphs were set forth in full herein.

17   44.   The Defendants, and each of them, acted with an intent to
18   cause harmful or offensive contact with the person of Jesus Manzo
19   and the intended harmful or offensive contact did in fact occur.
20   The harmful or offensive contact was not privileged nor consented
21   to and was excessive, unreasonable and done with deliberate
22   indifference to the rights and safety of Jesus Manzo and was done
23   with the intent to inflict punishment on Jesus Manzo, above and
24   beyond the reason for using the force in the first place.

25   45.   As a result of the defendants' intent to cause harmful or
26   offensive contact with the person of Jesus Manzo and the fact that
27   the intended harmful or offensive contact did in fact occur, Jesus
28   Manzo and his estate have suffered damages according to proof at

COMPLAINT

the time of trial. Said damages are currently in excess of the
jurisdictional minimum of this court and include loss or damage
that Jesus Manzo sustained or incurred before death and damages
that Jesus Manzo would have been entitle to if he lived.

46. The conduct of Defendants also amounts to oppression,
fraud or malice within the meaning of civil code section 3294 et
seq. and punitive damages should be assessed against each defendant
for the purpose of punishment and for the sake of example.

## IX.

### SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

**[By Plaintiffs against all defendants]**

Plaintiffs reallege all prior paragraphs of this complaint and
incorporate the same herein by this reference as if those
paragraphs were set forth in full herein.

47. By engaging in the acts alleged herein, the defendants
engaged in outrageous conduct with a reckless disregard of the
probability of causing plaintiffs to suffer emotional distress.

48. As a direct, proximate and foreseeable result,
plaintiffs have suffered sever emotional distress and the
outrageous conduct was the cause of the emotional distress suffered
by plaintiffs.

49. The conduct of defendants also amounts to oppression,
fraud or malice within the meaning of civil code section 3294 et
seq. and punitive damages should be assessed against each defendant
for the purpose of punishment and for the sake of example.

## X.

## EIGHTH CAUSE OF ACTION

### Negligence

[By Plaintiffs against all defendants]

Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

50.    Defendants had a duty to plaintiffs to act with ordinary care and prudence so as not to cause harm or injury to another.

51.    By engaging in the acts alleged herein, the defendants failed to act with ordinary care and breached their duty of care owed to plaintiff.

52.    As a direct, proximate and foreseeable result of the defendants breach of their duty of care, Plaintiffs suffered damages in an amount according to proof at the time of trial.

WHEREFORE, plaintiffs plead for judgment as follows:

1.    General damages, including emotional distress, according to proof at the time of trial;

2.    Special damages according to proof at the time of trial;

3.    Any further declaratory relief as this Court deems just;

4.    Costs of suit incurred herein; and

5.    Exemplary damages and attorney fees.

COMPLAINT

DATED: January 9, 2006        Law Offices of Eugene G. Iredale

By: _____
Eugene G. Iredale, Esq., attorneys
for MARIA MALDINADO


DATED: January 9, 2006        Law Offices of Douglas S. Gilliland

By: _____
Douglas S. Gilliland, Esq., attorneys
for the ESTATE OF JESUS MANZO

DATED: January 9, 2006        Ainbinder & Hitzke

By: _____
Daniel L. Hitzke, Esq., attorneys for
ANAHI MANZO

18

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

ESTATE OF JESUS MANZO
MALDINADO, MARIA
MANZO, ANAHI

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

COUNTY OF SAN DIEGO JAN 12 AM 9:21
AHERN, ROB
SCHOTT, LEWIS          CLERK

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Douglas J. Gilliland
105 West F St., 4th Floor
San Diego, CA 92101
See Attachment

**ATTORNEYS (IF KNOWN)**

'06CV 0060      R WMc

---

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX**
**(For Diversity Cases Only)       FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☒ | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)** 42 U.S.C. §1983 unreasonable use of deadly force

By Deputy Sheriff

---

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | ☐ 890 Other Statutory Actions |

---

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** $ 150,000  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23     **DEMAND $** $150,000   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO  YES.

**VIII. RELATED CASE(S) IF ANY (See Instructions):** NO   JUDGE _____ Docket Number _____

DATE 1-10-06     SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

PAID $250.00  1/12/06  RCPT # 120283  BH

Attachment to Civil Case Cover Sheet

**Question 1(c): Attorneys**

EUGENE G. IREDALE, ESQ.
LAW OFFICES OF EUGENE G. IREDALE
105 West "F" Street, 4th Floor
San Diego, California  92101-6036

For MARIA MALDINADO


DOUGLAS S. GILLILAND, ESQ.
LAW OFFICES OF DOUGLAS S. GILLILAND
105 West "F" Street, 4th Floor
San Diego, California  92101-6036

For ESTATE OF JESUS MANZO


DANIEL L. HITZKE, ESQ.
AINBINDER & HITZKE
2525 Cherry Avenue, Ste. 210
Signal Hill, California 90755

For ANAHI MANZO