1

2

FILED

06 NOV 14 AM 8: 41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

3

4

5

6

7

8     **UNITED STATES DISTRICT COURT**

9     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    ESTATE OF JESUS MANZO, et al.,              CASE NO. 06CV0060 R

12                             Plaintiff,          ORDER GRANTING IN PART AND
                                                  DENYING IN PART MOTIONS TO
      vs.                                         DISMISS AND TO STRIKE
13                                                PLAINTIFFS' FIRST AMENDED
14    COUNTY OF SAN DIEGO, et al.,                COMPLAINT

15                             Defendant.

16    **I.     Introduction**

17           Jesus Manzo ("Manzo") was shot to death on August 1, 2005, by San Diego Sheriff's

18    Deputy Lewis Schott.  Plaintiffs are Maria Maldinado (Manzo's mother), Anahi Manzo

19    (Manzo's daughter), and Manzo's estate by and through his personal representative

20    (collectively "plaintiffs").  Defendants are the County of San Diego, Captain Robert Ahern,

21    and Deputy Schott.  Defendants bring a motion to dismiss and to strike portions of plaintiffs'

22    First Amended Complaint.

23    **II.    Analysis**

24           **A.     Should the Court Strike Count 2 as Being Duplicative?**

25           Defendants bring a motion to strike, contending that Counts 1 and 2 are duplicative.

26    In their papers, plaintiffs contend that these counts are not duplicative because Count 1 is

27    predicated upon the deprivation of the mother's and daughter's substantive due process rights

28    while Count 2 is a claim for harm caused to plaintiffs by the deprivation of Manzo's

      constitutional rights.  Therefore, plaintiffs argue, Count 1 and Count 2 allege two separate and

                                              - 1 -                              06CR0060

1   distinct theories of recovery.

2       This argument suggests that Count 1 is not at all predicated upon the deprivation of
3   Manzo's constitutional rights, but it very clearly is.  Specifically, Count 1 alleges that the
4   "unreasonable use of deadly force causing the constitutional deprivations and death to Jesus
5   Manzo, simultaneously deprived [plaintiffs] of [their] substantive due process right to the
6   familial love, society and companionship of" Manzo.  First Amended Complaint ¶ 26.

7       Moreover, Count 2 is predicated upon the deprivation of the same exact constitutional
8   right as Count 1.  Although in Count 2 Manzo's mother and daughter fail to allege the specific
9   constitutional right they possessed which was allegedly violated, the only constitutional right
10  that fits into this factual scenario is the right alleged in Count 1 at ¶¶ 25 and 26 of the First
11  Amended Complaint – the Fourteenth Amendment substantive due process liberty interest in
12  familial companionship. See Kelson v. City of Springfield, 767 F.2d 651, 655 (9th Cir. 1985)
13  ("In short, existing Supreme Court and Ninth Circuit precedent establish that a parent has a
14  constitutionally protected liberty interest in the companionship and society of his or her
15  child."); Smith v. City of Fontana, 818 F.2d 1411 (9th Cir. 1987) (holding that the
16  constitutionally-protected liberty interest in familial companionship and society "logically
17  extends to protect children from unwarranted state interference with their relationships with
18  their parents").  Because in Counts 1 and 2 Manzo's mother and daughter allege a violation
19  of their own constitutional rights, and the constitutional right implicated in both counts is the
20  same substantive due process right, the Court will strike Count 2 as being duplicative.

21      At oral argument, plaintiffs' counsel essentially conceded that Counts 1 and 2 are
22  duplicative except for the damages requested in each count.  Plaintiffs suggested they be
23  allowed to amend the complaint to bring one substantive due process claim alleging all
24  damages that plaintiffs intend to seek for the violation of their own constitutional rights.  The
25  filing of a second amended complaint is not necessary, however.  In Count 1, plaintiffs allege
26  they have suffered "the loss of love, society, companionship, emotional distress, pain and
27  suffering, *and further damages according to proof at the time of trial*."  First Amended
28  Complaint ¶ 27 (emphasis added).  In order to expedite this litigation, and without deciding

1   the type of damages that are recoverable for a violation of the constitutionally-protected liberty
2   interest in familial companionship and society, the court deems the request for "further
3   damages" sufficient to preserve plaintiffs' claim for all damages – both economic and non-
4   economic – that they intend to seek.

5        **B.    Are Plaintiffs Entitled to Recover Damages for Emotional Distress and**
6             **Grief?**

7        Defendants, without discussing each claim individually, contend that "no plaintiff"
8   should be allowed to recover emotional distress damages for Manzo's death.

9        The first issue is whether a motion to strike is the appropriate vehicle for resolving
10   plaintiffs' entitlement to emotional distress damages.  Defendants cite several cases for the
11   proposition that a motion to strike damages allegations may be granted when the damages
12   sought are not recoverable as a matter of law.  However, defendants' reliance on these cases
13   in unavailing.  Balistreri v. Pacifica Police Dept., 901 F.2d 696 (9th Cir. 1990), the only Ninth
14   Circuit case cited by defendants, involved a motion to dismiss for failure to state a claim, not
15   a motion to strike a prayer for damages.  Moreover, although Buergon v. Uvawas, 992
16   F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996), cited by defendants, cites Tapley v. Lockwood
17   Green Engineers, Inc., 502 F.2d 559, 560 (8th Cir. 1974), for the proposition that a motion to
18   strike may be used to strike any part of a prayer for relief when the damages sought are not
19   recoverable as a matter of law, Tapley did not so hold.  The appeal in Tapley was dismissed
20   because the order being appealed was not a final decision subject to appeal pursuant to 28
21   U.S.C. § 1291, nor did it meet the requirements for being an appealable interlocutory order
22   pursuant to 28 U.S.C. § 1292.

23        The court's own research reveals the case of Wyeth v. King Pharmaceuticals, Inc., 396
24   F.Supp.2d 280 (E.D.N.Y. 2005).  In Wyeth, the district court explained that to prevail on a
25   Rule 12(f) motion, the defendant must demonstrate (1) that there is no material question of
26   fact; (2) that there is no substantial question of law that needs to be determined; and (3) that
27   it is prejudiced by the inclusion of the claim.  See id. at 293.  Here, given the split of authority
28   on the recoverability of emotional distress damages in § 1983 action survival action, there is

06CR0060

1   clearly a substantial question of law that needs to be determined.  Thus, the court will deny the

2   motion to strike.  See id. (noting that "a motion to strike 'is not intended to furnish an

3   opportunity for the determination of disputed and substantial questions of law'") (quoting

4   County Van Lines, Inc. v. Experian Info. Solutions, Inc., 205 F.R.D. 148, 153 (S.D.N.Y. 2002)

5   (in turn quoting United Artists Assoc. Inc. v. NWL Corp., 198 F.Supp. 953, 959 (S.D.N.Y.

6   1961)).

7
8   **C.      Should allegations of prior shootings by San Diego Sheriff's Deputies
            be stricken pursuant to Rule 12(f)?**

9        Defendants seek to strike allegations in the First Amended Complaint regarding the

10  shootings of three other Hispanic males by San Diego County Sheriff's Deputies between May

11  15, 2005, and July 29, 2005. Manzo was shot on August 1, 2005. Plaintiffs contend that these

12  allegations are relevant because the prior shootings establish a custom or practice of using

13  excessive force on Hispanics.

14       Rule 12(f) allows the court to strike from a complaint immaterial, impertinent, or

15  scandalous matters. "[T]here appears to be general judicial agreement, as reflected in the

16  extensive case law on the subject, that [Rule 12(f) motions] should be denied unless the

17  challenged allegations have no possible relationship or logical connection to the subject matter

18  of the controversy . . . ." Wright and Miller, Federal Practice and Procedure, § 1382 p. 436.

19       A municipality may be liable for actions resulting in violations of constitutional rights

20  when the municipal actor is acting pursuant to a government policy or custom. See Monell v.

21  Department of Social Servs., 436 U.S. 658, 690-91 (1978); Trevino v. Gates, 99 F.3d 911, 918

22  (9th Cir. 1996). "The custom must be so 'persistent and widespread' that it constitutes a

23  'permanent and well settled city policy.'" Trevino, 99 F.3d at 918 (quoting Monell, 436 U.S.

24  at 691). Thus, liability predicated upon a custom "may not be predicated on isolated or

25  sporadic incidents; it must be founded upon practices of sufficient duration, frequency and

26  consistency that the conduct has become a traditional method of carrying out policy." Trevino,

27  99 F.3d at 918.

28       The Ninth Circuit has held that two similar incidents is not sufficient to establish a

1  policy or custom.  See Meehan v. County of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988)

2  ("Proof of unconstitutional assaults by SEB agents on December 21 and March 10, standing

3  alone, does not support a finding of liability against the County.").  Here, however, there are

4  three incidents.  While it may be that the evidence ultimately establishes that these incidents

5  are not sufficiently factually similar to establish a policy or custom or that these incidents do

6  not demonstrate a "sufficient duration, frequency, and consistency" in conduct that it can be

7  said that such conduct "has become a traditional method of carrying out policy," Trevino, 99

8  F.3d at 918, it cannot be said at this stage of the litigation that these allegations have no

9  possible relationship to plaintiffs' Monell claim.  Accordingly, the motion to strike is denied.

10  **D.    Clarification Regarding Count 6**

11  Defendants seek to clarify that defendant Ahern is not named in Count 6.  Plaintiffs

12  concede that Count 6 is being brought only against defendant Schott and stipulate to striking

13  the letter "s" at the end of the word "defendants" in Count 6 so as to clarify that defendant

14  Ahern is not a defendant with respect to Count 6.  The court accepts this stipulation.

15  **III.    Conclusion**

16  For the reasons set forth below, the motions to strike and to dismiss are granted in part

17  and denied in part.  Count 2 is hereby stricken, and the parties' stipulation regarding Count 6

18  is accepted.  The motions are denied in all other respects.

19  **IT IS SO ORDERED.**

20

21  DATED: __11/10__ ,2006

22
                                              **JOHN S. RHOADES, SR.**
23                                            United States District Judge

24  cc:    All parties

25

26

27

28

06CR0060