# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESUS MANZO, et al., | CASE NO. 06cv60 BTM (WMC) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AND DISMISS** |
| vs. | |
| COUNTY OF SAN DIEGO, et al., | |
| Defendant. | |

On November 3, 2008, Defendants in this case filed a Motion to Strike and Dismiss Plaintiffs' Second Amended Complaint. For the reasons explained below, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Strike and Dismiss.

## I. BACKGROUND

On August 1, 2005, San Diego Sheriff's Deputy Lewis Schott ("Schott") shot and killed Jesus Manzo ("Manzo") at his home in Vista, California. (Second Am. Compl. ("SAC") 5.)

On January 12, 2006, Plaintiffs filed their initial Complaint in this matter. The original Complaint [Docket No. 1] named as Plaintiffs: (1) Anahi Manzo, decedent Manzo's daughter; (2) Maria Maldinado, decedent Manzo's mother; and (3) the Estate of Jesus Manzo through its alleged personal representative Maria Nancy Manzo, decedent Manzo's sister ("Estate through Maria Manzo"). (Compl. ¶¶ 8–10.) The Complaint named as Defendants: (1) Schott; (2) Captain Rob Ahern, the Sheriff's Deputy in charge of the Vista patrol; (3) the County of San Diego; and (4) Does 1–100, inclusive.

1 | The Complaint stated eight causes of action: (1) a right of association claim under 42 U.S.C. § 1983 ("Section 1983") by Anahi Manzo and Maria Maldinado against all Defendants; (2) a wrongful death claim under Section 1983 by Anahi Manzo and Maria Maldinado against all Defendants; (3) an excessive force claim under Section 1983 by the Estate through Maria Manzo; (4) a state law wrongful death claim under Cal. Civ. Pro. Code § 377.6 by Anahi Manzo and Maria Maldinado against all Defendants; (5) a battery claim by the Estate through Maria Manzo against all Defendants; (6) a "failure to properly train, supervise, and discipline" claim under Section 1983 by all Plaintiffs against Defendants Rob Ahern and the County of San Diego; (7) an intentional infliction of emotional distress claim by all Plaintiffs against all Defendants; and (8) a negligence claim by all Plaintiffs against all Defendants.

On January 31, 2006, Defendants filed a motion to dismiss Plaintiffs' Complaint [Docket 4–5]. On May 19, 2006, Judge Rhoades ordered Plaintiffs to file an amended complaint that omitted causes of action that did not state a claim [Docket No.11].

On June 16, 2006, Plaintiffs responded by filing their First Amended Complaint ("FAC") [Docket No. 12]. The FAC named Plaintiffs and Defendants identical to those named in the original Complaint. However, Plaintiffs alleged slightly different claims. The FAC stated the following causes of action: (1) a Section 1983 right of association claim by Anahi Manzo and Maria Maldinado against Schott and Does 1–100; (2) a Section 1983 wrongful death claim by Anahi Manzo and Maria Maldinado against Schott and Does 1–100; (3) a Section 1983 excessive force claim by the Estate through Maria Manzo against Schott and Does 1–100; (4) a Section 1983 Monell Liability claim by all Plaintiffs against the County of San Diego; (5) a Section 1983 supervisory liability claim by all Plaintiffs against Rob Ahern; (6) a state law wrongful death claim under Cal. Civ. Pro. Code § 377.60 by Anahi Manzo against Schott; (7) a battery claim by the Estate through Maria Manzo against Schott; and (8) a negligence claim by the Estate through Maria Manzo against Schott.

On July 14, 2006, Defendants filed a motion to dismiss or strike Plaintiffs' FAC [Docket No. 13–14]. On November 14, 2006, Judge Rhoades ruled on Defendants' motion, striking Plaintiffs' Section 1983 wrongful death claim (second cause of action) from the FAC as

duplicative of their Section 1983 right of association claim (first cause of action). Judge Rhoades also clarified that Plaintiffs' state law wrongful death claim was brought solely against Defendant Schott.

On September 11, 2007, the case was reassigned to this Court. On November 26, 2007, Defendants moved for summary judgment [Docket No. 53]. On September 3, 2008, the Court granted in part and denied in part Defendants' motion for summary judgment [Docket No. 73]. First, the Court denied Defendants' motion for summary judgment on Plaintiffs' state law wrongful death claim (sixth cause of action)[1] and Section 1983 right of association claim (first cause of action). Second, the Court granted Defendants' motion for summary judgment on Plaintiffs' Monell liability claim (fourth cause of action) and supervisory liability claim (fifth cause of action). The Court also ordered Plaintiffs to show cause why the remaining claims by the Estate through Maria Manzo (third, seventh, and eighth causes of action) should not be dismissed for a lack of standing.

On September 29, 2008, the Court, finding that Maria Manzo lacked standing to bring claims on behalf of the Estate of Jesus Manzo, granted Defendants' motion for summary judgment on Plaintiffs' excessive force (third cause of action), battery (seventh cause of action), and negligence (eighth cause of action) claims [Docket No. 79]. The Court dismissed these claims and Maria Maldinado without prejudice. The Court allowed for the proper party to proceed with the Estate of Manzo's claims to amend the FAC.

On October 24, 2008, Plaintiffs filed their Second Amended Complaint ("SAC") [Docket No. 80]. The SAC stated the same eight causes of action as the FAC. In the SAC, however, Anahi Manzo, by and through her guardian ad litem Guadalupe Valencia, alleged the Estate's survivor claims. Maria Manzo was no longer a party to the action. Plaintiffs filed a motion to appoint Guadalupe Valencia as guardian ad litem for Anahi Manzo on the same day.

---

[1] Although Judge Rhoades struck Plaintiffs' Section 1983 wrongful death cause of action in his November 14, 2006 order, this Court denied summary judgment on that same claim in its September 3, 2008 ruling. The Court now clarifies that its denial of summary judgment was solely as to Plaintiffs' state law wrongful death claim. As the parties agree in their submissions to the Court on this motion, Plaintiffs' Section 1983 wrongful death claim (second cause of action) is hereby stricken from the SAC.

On November 3, 2008, Defendants filed the instant Motion Strike and Dismiss [Docket No. 82].

## II. DISCUSSION

In their Motion to Strike and Dismiss, Defendants first argue that the Court should strike Plaintiffs' second, fourth, and fifth causes of action from the SAC because earlier Court orders struck or dismissed those claims. Second, Defendants allege that the Court should dismiss the Estate's claims as barred by the statute of limitations. In the alternative, Defendants argue that the Court should dismiss the Estate's state law tort claims for Plaintiffs' failure to comply with the California Tort Claims Act.

A. <u>Motion to Strike Plaintiffs' Second, Fourth, and Fifth Causes of Action</u>

Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The grounds for a motion to strike must appear on the face of the pleading or upon a matter judicially noticed by the court. <u>S.E.C. v. Sands</u>, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). As with a motion to dismiss, the court views the pleading under attack in the light most favorable to the pleader. <u>Lazar v. Trans Union LLC</u>, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Motions to strike "are not generally granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." <u>LeDuc v. Kentucky Cent. Life Ins. Co.</u>, 814 F. Supp. 820, 830 (N.D. 1991).

Plaintiffs agree with Defendants that their Section 1983 wrongful death, Monell liability, and supervisory liability claims were stricken or dismissed in their entirety by prior orders of the Court. Therefore, these claims could have no possible bearing on this litigation. The Court hereby **GRANTS** Defendants' Motion to Strike and **STRIKES** the second, fourth and fifth causes of action from Plaintiffs' SAC.

///
///

1 B. <u>Motion to Dismiss Plaintiffs' Third, Seventh, and Eighth Causes of Action</u>

2   A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must set forth only a "short and plain statement" of the claim showing that the plaintiff is entitled to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). When reviewing a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded facts of the complaint as true and construes them in the light most favorable to the nonmoving party. <u>Decker v. Advantage Fund, Ltd.</u>, 362 F.3d 593, 595 (9th Cir. 2004). The Court generally may not look beyond the face of the complaint in deciding a motion to dismiss. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

  Defendants argue that the survivor causes of action brought by the Estate through Anahi Manzo (Plaintiffs' excessive force, battery, and negligence claims) fail to state a claim upon which relief may be granted. Specifically, Defendants allege that because the Estate's amended claims in the SAC do not relate back to Plaintiffs' earlier pleadings, they are barred by the statute of limitations. Alternatively, Defendants argue that the Estate's state law tort claims (Plaintiffs' battery and negligence claims) must fail because Plaintiffs did not comply with the California Tort Claims Act.

  1. <u>Relation Back</u>

  Federal Rule of Civil Procedure 15(c) governs amended pleadings in federal actions. Rule 15(c) does not specifically address whether amendments adding or changing plaintiffs "relate back" to the filing date of the original complaint. Courts apply the rules regarding adding or changing defendants by analogy. <u>SMS Financial, Ltd. Liability Co. V. ABCO Homes, Inc.</u> 167 F.3d 235, 245 n. 29 (5th Cir. 1999); <u>See</u> Fed. R. Civ. P. 15 advisory committee note, 1966 amendment. Thus, an amendment changing the plaintiff will "relate back" if (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; (2)

the defendant received notice of the action such that it will not be prejudiced in defending on the merits; and (3) the defendant knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1).

Here, Plaintiffs filed their original Complaint and FAC within the applicable statute of limitations.[2] The Section 1983 excessive force, battery, and negligence claims in the SAC are substantively identical to those alleged in the FAC. In the SAC, however, the Estate's claims are brought through Anahi Manzo, Jesus Manzo's proper successor-in-interest, rather than through Maria Manzo. Otherwise, the Estate's claims rely on the same facts, allege the same bases for liability, and seek the same relief in both complaints. (See FAC ¶¶ 34–38 and SAC ¶¶ 34–38; FAC ¶¶ 54–56 and SAC ¶¶ 54–56; FAC ¶¶ 57–59 and SAC ¶¶ 57–59.) Thus, Plaintiffs' amended third, seventh, and eighth causes of action clearly assert claims arising out of the same conduct, transaction, or occurrence set out in the original pleading.

Because the allegations are identical in both complaints, Defendants have had knowledge of the Estate's claims since the filing of the original Complaint and the FAC. Defendants also do not claim to have suffered any prejudice as a result of Plaintiffs' amendment. But for a mistake concerning the proper party to bring claims on behalf of the Estate, Defendants have known that Plaintiffs would assert Section 1983 excessive force, battery, and negligence claims against them.

Defendants' reliance on Quiroz v. Seventh Ave. Center, 140 Cal. App. 4th 1256 (2006) is misplaced. In Quiroz, the California Court of Appeals held that a survivor negligence claim the plaintiff asserted in an amended complaint could not relate back to a timely wrongful death claim she alleged in her original pleading. Id. at 1279. Unlike Defendants here, the Quiroz defendants had no knowledge of the factual or legal basis for the plaintiff's negligence claim

---

[2] Plaintiffs brought their Section 1983 excessive force and negligence claims in their original Complaint. Plaintiffs first alleged battery in their FAC. The statute of limitations for all three claims is two years. See Cal. Civ. Pro. Code § 335.1. Because Jesus Manzo was shot and killed on August 1, 2005, and Plaintiffs filed their original Complaint on January 12, 2006 and their FAC on June 16, 2006, they initially brought all three claims within the two-year limitations period.

when she filed her initial pleading. Because the Quiroz plaintiff alleged injury only to herself in her wrongful death claim, but her later-filed negligence claim asserted injury directly to the decedent, the court found that the claims were technically brought by different plaintiffs seeking distinct remedies. Id. at 1278. In the instant case, the amended SAC asserts exactly the same facts, injury, and instrumentality as that alleged in the FAC. Both complaints allege excessive force, battery, and negligence claims based on the same occurrence and resulting in the same injury solely to the decedent and his Estate. Plaintiffs seek no new remedies in their SAC. Thus, Quiroz is not analogous to the case here.

The Court therefore finds that the claims by the Estate through Anahi Manzo in Plaintiffs' SAC relate back to their earlier pleadings and are not barred by the statute of limitations.

### 2. California Tort Claims Act

Defendants argue alternatively that the Estate's state law tort claims (seventh and eighth causes of action) should be dismissed for Plaintiffs' failure to comply with the California Tort Claims Act ("Act"). Specifically, Defendants allege that Maria Manzo was not "authorized" to present claims on behalf of the Estate for the purpose of complying with the Act.

The Act requires that a party seeking to sue a public entity or its employees for money or damages must first present the claim to the public entity. Cal. Govt. Code § 945.4. The purpose of this requirement, however, is to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." County of Los Angeles v. Superior Court, 159 Cal. App. 4th 353, 360 (2008)(quoting Phillips v. desert Hospital Dist., 49 Cal. 3d 699, 705 (1989)). A claim sufficiently complies with the Act if "(1) there is *some* compliance with *all* of the statutory requirements; and (2) the claim discloses sufficient information to enable the public entity adequately to investigate the merits of the claim so as to settle the claim, if appropriate." Id. (quoting City of San Jose v. Superior Court, 12 Cal. 3d 447, 456–57 (1974)).

Accepting the well-pleaded facts of the complaint as true and construing the pleadings

in the light most favorable to Plaintiffs, Defendants have failed to show that Plaintiffs did not substantially comply with the Act. The SAC alleges that Plaintiffs complied with the requirements of California Government Code §§ 800 et seq, and that their claims were timely rejected within six months of filing the case at hand. (SAC ¶ 7.) Claims filed with the County of San Diego on behalf of the Estate by Maria Manzo, rather than Anahi Manzo,[3] still disclosed sufficient information to enable the County to adequately investigate the merits of the Estate's claims. As asserted by either Maria or Anahi Manzo, the merits of the Estate's claims remain the same. Thus, the Court finds that Defendants have failed to show that Plaintiffs' noncompliance with the California Tort Claims Act precludes the Estate's state law tort claims.

The Court therefore **DENIES** Defendants' Motion to Dismiss Plaintiffs' third, seventh, and eighth causes of action.

### III. CONCLUSION

For the reasons explained above, the Court hereby **GRANTS in part and DENIES in part** Defendants' Motion to Strike and Dismiss. Plaintiffs' second, fourth, and fifth causes of action are hereby stricken from the SAC. Defendants' motion to dismiss is otherwise denied.

**IT IS SO ORDERED.**

DATED: March 3, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge

---

[3] The SAC does not clarify who, in fact, filed claims under the Act on behalf Plaintiffs. However, Plaintiffs' Response to Defendants' Motion to Strike and Dismiss appears to state that Maria Manzo filed claims on behalf of the Estate. (See Pls.' Res. Defs.' Mot. to Strike and Dismiss 6.)