1   THOMAS E. MONTGOMERY, County Counsel
    County of San Diego
2   By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
    1600 Pacific Highway, Room 355
3   San Diego, California 92101-2469
    Telephone:  (619) 531-4874
4   Facsimile:  (619) 531-6005
    E-mail:  ricky.sanchez@sdcounty.ca.gov
5
    Attorneys for Defendant Lewis Schott
6

7

8

9                  **UNITED STATES DISTRICT COURT**

10                **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   ESTATE OF JESUS MANZO, by its            )   No. 06cv0060-BTM(WMc)
     successor in interest ANAHI MANZO by     )
13   and through her guardian ad litem        )   TRIAL BRIEF:
     Guadalupe Valencia, MARIA                )   MEMORANDUM OF POINTS AND
14   MALDONADO, an individual, ANAHI          )   AUTHORITIES RE STANDARD ON 14TH
     MANZO, an individual and minor, by and   )   AMENDMENT CLAIM
15   through her guardian ad litem Guadalupe  )
     Valencia ,                               )   Trial Date:  April 18, 2011
16                                            )   Time:  11:00 a.m.
                    Plaintiffs,               )   Courtroom: 15
17                                            )
          v.                                  )
18                                            )
     Deputy LEWIS SCHOTT,                     )
19                                            )
                    Defendant.                )
20   _____      )

21

22        **A 14TH AMENDEMENT CLAIM FOR INTERFERENCE WITH FAMILIAL
          RELATIONS REQUIRES PROOF THAT THE DEPUTY USED EXCESSIVE**
23   **FORCE WITH A PURPOSE TO HARM UNRELATED TO ANY LEGITIMATE
          LAW ENFORCEMENT OBJECTIVE**
24

25        To establish a claim for interference with familial relations under the Fourteenth

26   Amendment, a plaintiff must prove, among other elements, that the officer used excessive

27   force with a purpose to harm for reasons unrelated to any legitimate law enforcement

28   objective.  *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).  The Fourteenth

                                                              06cv0060-BTM(WMc)

1  Amendment cause of action is a substantive due process liberty interest claim.  *Byrd v.*

2  *Guess*, 137 F.3d 1126, 1133 (9th Cir. 1998).  This claim requires proof that the

3  defendant, acting with the requisite mental culpability, interfered with their rights of

4  familial relationship and society by using excessive force.  *Byrd*, 137 F.3d at 1134.  The

5  claim thus involves two tiers of proof.  The first tier requires proof that the defendant

6  officer used excessive force on the decedent in violation of the decedent's Fourth

7  Amendment rights.  Only after proving that the force used violated the Fourth

8  Amendment can one then proceed to the second tier to try and prove that the defendant

9  officer acted with the purpose of harming the decedent unrelated to any legitimate law

10  enforcement objective.

11      A Fourteenth Amendment claim is asserted by decedent's child, Anahi Manzo, and

12  decedent's mother, Maria Maldonado.  Although it appears the Ninth Circuit allows

13  parents to assert a Fourteenth Amendment claim based on the death of an adult child, it is

14  not clear that such a claim is supported by Supreme Court precedent.  The Seventh

15  Circuit has found that parental claims for the loss of an emancipated child with offspring

16  are not viable because such claims are not supported by Supreme Court precedent.  *Russ*

17  *v. Watts*, 414 F.3d 783 (7th Cir. 2005).  *Rentz v. Spokane County*, 438 F. Supp. 2d 1252

18  (E.D. WA 2006), surveyed the law on these claims and concluded that the Ninth Circuit's

19  allowance of such claims does not have Supreme Court precedent.  The existence of a

20  split between federal circuits on a constitutional rule can fairly be said to mean that the

21  constitutional rule is not clearly established. See *Wilson v. Layne*, 526 U.S. 603, 617-618

22  (1999).  Also unaddressed is whether, when interference with the familial relationship is

23  merely a collateral result of government action not directed to interfere with the family

24  unit, a Fourteenth Amendment claim can even be stated.  Defendant submits that

25  Maldonado neither has standing nor basis to assert a Fourteenth Amendment claim.

26  DATED:  May 2, 2011                    THOMAS E. MONTGOMERY, County Counsel

27                                         By: s/ RICKY R. SANCHEZ, Senior Deputy
                                           Attorneys for Defendant Lewis Schott
28                                         E-mail: ricky.sanchez@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare:

That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On May 2, 2011, I served the following documents: **Trial Brief: Memorandum Of Points And Authorities Re Standard On 14th Amendment Claim** in the following manner:

☐   By personally delivering copies to the person served.

☐   By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒   By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

Eugene G. Iredale, Esq.
105 West "F" St., 4th Fl.
San Diego, CA 92101
(619) 233-1525
(619) 233-3221 (fax)
E-mail: egiredale@yahoo.com
(Attorney for Plaintiffs Maria Maldinado and
Anahi Manzo and Plaintiff Estate of Jesus
Manzo)

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 2, 2011, at San Diego, California.

By: s/ RICKY R. SANCHEZ
E-mail: ricky.sanchez@sdcounty.ca.gov

(Estate of Jesus Manzo, etc., et al. v. County of San Diego, etc., et al.;
USDC No. 06-cv-0060-BTM(WMc)